No. 17,702.

BESALIREZ MARTINEZ *v.* PEOPLE OF THE STATE OF COLORADO.

(299 P. [2d] 510)

Decided July 16, 1956. Rehearing denied August 13, 1956.

Messrs. COLLINS, HENRY & DOLAN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

BY information filed in the district court of Eagle county, plaintiff in error, to whom we will refer as defendant, was accused of the murder of Perfecto Cruz. Marcelino P. Gutierrez, a member of the bar of the State of New Mexico appeared for defendant on the day of arraignment, December 16, 1954. The record made in connection with the arraignment is in part as follows:

"Thereupon, the District Attorney asked leave of Court to arraign the defendant, Besalirez Martinez, and the Court granted leave to arraign the defendant.

"Thereupon, Marcelino P. Gutierrez asked to be entered of record as defendant's attorney and the Court so ordered.

"Thereupon, the District Attorney handed to the said defendant, by his attorney, a copy of the Information with a list of the witnesses endorsed thereon, and also a list of the petit jurors for the November, 1954 term of this Court; thereupon the charge contained in the Information was read to the defendant, and he was asked to plead thereto, and defendant's attorney answered for the defendant that he plead not guilty to the charge contained in the Information.

"Whereupon, the Court ordered that the defendant's plea of 'Not Guilty' be entered of record."

January 13, 1955, Mr. Gutierrez by order of this Court

was admitted to the bar of Colorado for the sole purpose of representing defendant, and January 24, 1955, the case was tried to a jury which returned a verdict of guilty of murder of the first degree with the penalty fixed at death. Motion for a new trial was filed, argued and denied by the court February 24, 1955, and judgment was entered upon the verdict. Defendant brings the case to this Court by writ of error and is represented here by counsel who appear on his behalf for the first time.

Assignments of Error upon which counsel for defendant rely for reversal of the judgment are as follows:

"1. No proper plea was made at Defendant's arraignment, since made neither by the Defendant himself, nor by counsel licensed at the time to practice law in Colorado. No issue existed between the Defendant and the People, and a trial based upon such plea was a procedural nullity.

"2. The Court erred in not appointing competent local counsel and in allowing Defendant to be tried without same, when, under the circumstances, particularly in a capital punishment case, inadequacy of representation was obvious. Failure to assure adequate representation under the circumstances was a denial of due process of law under the Fourteenth Amendment to the Constitution of the United States and in violation of Article II, Section 16 of the Constitution of the State of Colorado."

We take judicial notice of the application of Mr. Gutierrez for permission to represent defendant upon the trial of this action. The order of this Court dated January 13, 1955, entered upon the application reads as follows:

"Upon consideration of the application of Mr. Marcelino P. Gutierrez for special admission to the bar of Colorado under the provisions of 1935 C.S.A. Ch. 14, S. 22, it appearing to the Court that the aforesaid applicant is a counselor at law residing in the state of New Mexico,

"It is this day ordered that the aforesaid applicant, Marcelino P. Gutierrez be, and he hereby is, admitted to the bar of this state for the purpose of representing the defendant, Besalirez Martinez, in case No. 561, entitled the People of the State of Colorado v. Besalirez Martinez, now pending in the district court of Eagle County, and none other."

In substance, the contention now made on behalf of defendant is that because Mr. Gutierrez was not licensed to practice law in Colorado and did not have an associate resident counsel at the time of arraignment, the plea of not guilty was a nullity and no issues were formed; thus the entire trial was ineffectual and void.

C.R.S. 1953, 12-1-18, provides: "Whenever any counselor at law residing in any of the adjacent states or territories may have any business in any of the courts of this state, he may be admitted, on motion, for the purpose of transacting such business, and none other."

The order of this Court authorizing Mr. Gutierrez to represent defendant was entered eleven days before the commencement of the trial, and although at the time of arraignment no authority from this Court had been granted for him to appear on behalf of defendant, no question was raised at any state of the proceedings before the trial court concerning the validity of the plea of not guilty. C.R.S. 1953, 39-7-9, provides in part:

"And in case the party indicted or informed against, shall not, for any reason, be arraigned as provided by law, and shall thereafter enter upon the trial upon the charge contained in said indictment or information, without objection, because of not having been so arraigned as provided by law, then and in that event, such error or omission being called to the attention of the trial court or judge, at any time during the progress of said trial, or at any time thereafter, in case of conviction, said court or judge shall cause an order to be entered, of a plea of not guilty, said order to take effect

nunc pro tunc as of the day of and immediately before the beginning of said trial, and upon the entry of said order, an issue upon the charge contained in said indictment or information shall be deemed to have been raised between the people and the defendant in such case as of the date of the beginning of said trial, and no motion in arrest of judgment or otherwise shall be sustained by the court or judge because of the omission of a plea in behalf of defendant at or before the beginning of such trial."

Mr. Gutierrez was the attorney chosen voluntarily by defendant to represent him in this case and no limitation or restriction was placed upon his power or authority to proceed with the trial of the action. Our examination of the Bill of Exceptions leads to the conclusion that the representation provided by Mr. Gutierrez was adequate. The argument advanced in this Court for the first time that in all murder cases an adequate representation of the accused requires the entry of a plea of not guilty by reason of insanity, is without merit. We are not advised of any case in any jurisdiction which is authority for that proposition.

The guilt of defendant was established beyond any possible question of doubt and the circumstances of the killing were such as to fully justify the jury, in whose discretion the matter rested, in inflicting the penalty of death. Without provocation of any kind, defendant entered the bar and poolroom operated by the deceased and, using a 30-30 rifle, shot down an unarmed man without warning and fired a total of three shots, two of which were fired into the back of the deceased as he sought to avoid further injury.

The judgment of the trial court is affirmed and execution of the judgment shall be carried out during the week ending September 8, 1956.