**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Jack ADARGO, Defendant-Appellant.**

No. 79CA0304.

Colorado Court of Appeals, Div. II.

Sept. 4, 1980.

Rehearing Denied Sept. 25, 1980.

Certiorari Denied Jan. 19, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, William Morris, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Eugene Deikman, P. C., Denver, for defendant-appellant.

STERNBERG, Judge.

Jack Adargo appeals his conviction for the "soft" sale of narcotics under C.R.S. 1963, 48–5–2. We affirm.

In 1972, Adargo pled guilty to and was thereafter sentenced for the "hard" sale of a narcotic drug pursuant to C.R.S. 1963, 48–5–20. Subsequently, the Colorado Supreme Court distinguished "hard" and "soft" sale by making it plain that only the former requires the intent to induce another to use or possess narcotics. *People v. Patterson*, 187 Colo. 431, 532 P.2d 342 (1975); *People v. Bowers*, 187 Colo. 233, 530 P.2d 1282 (1974).

Based on those opinions the trial court granted Adargo's Crim.P. 35(b) motion which asserted that he had not voluntarily pled guilty to a "hard" sale because he was not informed of one of the critical elements of that crime, specifically, the intent to induce another to possess narcotic drugs. At the hearing on his motion, Adargo established that he had not in fact initiated the transaction, but rather had merely committed a "soft" sale. Accordingly the trial court sentenced him for that crime and vacated the "hard" sale sentence.

In this appeal, Adargo claims that sentence was illegal because he was not "re-arraigned" as required by *Albritton v. People*, 157 Colo. 518, 403 P.2d 772 (1965). We are not persuaded by defendant's argument.

While the statutes and rule prescribe the necessary elements of an arraignment, § 16–7–203, C.R.S. 1973 (1978 Repl. Vol. 8), makes it clear that they have not created a ritual from which a court cannot deviate. *See, e. g., Harrington v. District Court*, 192 Colo. 351, 559 P.2d 225 (1977); *Martinez v. People*, 134 Colo. 82, 299 P.2d 510 (1956). Where, as here, the record indicates that defendant was present in the proper court, knew of the elements of the crime, and entered his plea, we conclude that there were no deficiencies in the proceeding requiring reversal. *Cf. People v. Keenan*, 185 Colo. 317, 524 P.2d 604 (1974).

Adargo next argues that he did not actually plead guilty to a "soft" sale. However, he premises that contention on the failure of the court to arraign him on that charge prior to imposition of sentence. Since we found that he was, in fact, arraigned, the court could properly entertain his guilty plea. *See People v. Keenan, supra*.

Adargo's claim that the court did not satisfy the requirements of Crim.P. 11 prior to receiving his plea of guilty to a "soft" sale is without factual basis in the record.

The judgment is affirmed.

PIERCE and SMITH, JJ., concur.