FOSTER v. THE PEOPLE.

CONSTRUCTION *of section 43 of Criminal Code, relating to mayhem.*  The effect of the proviso in section 43 of the Criminal Code (Rev. Stat. 202) is to reduce the crime in certain specified cases from a higher to a lower grade.

MISDEMEANOR — *conviction may be had upon indictment for felony.*  A conviction for misdemeanor may be had upon an indictment for felony in case where the misdemeanor is included in the higher offense.

INDICTMENT *for mayhem need not negative circumstances mentioned in proviso to section 43.*  An indictment for mayhem, in which the fact and the intent are charged, is good for the principal crime, mentioned in section 43, and also for the misdemeanor mentioned in the last clause of that section.

INSTRUCTION *erroneous as to higher offense, but not as to the lesser.*  The jury were instructed that, if the injury was inflicted during a fight between the prisoner and the prosecuting witness had by consent, and the prisoner was the assailant, or the prosecuting witness declined further combat at the time the fact occurred, the prisoner was guilty.  This charge, if applied to the higher offense, is erroneous, but, if applied to the inferior offense, it is too favorable to the prisoner.

VERDICT OF GUILTY — *a conviction of the inferior offense.* The evidence being clear that the prisoner bit off the ear of the prosecuting witness during a fight between them, assuming that the jury intended to find that the fight was by consent, which is the view most favorable to the prisoner, the verdict is still sufficient for the misdemeanor defined in the last clause of the proviso to section 43.

PRACTICE — *error in entering judgment.* The judgment of the district court, being for the higher offense, was set aside, and the court below was directed to pronounce judgment on the verdict for the misdemeanor specified in the last clause of section 43 of the Criminal Code.

*Error to District Court, Arapahoe County.*

Messrs. CHARLES & ELBERT, for plaintiff in error.

Mr. V. D. MARKHAM, for defendant in error.

HALLETT, C. J.   The indictment in this case is founded upon section 43 of the Criminal Code, which reads as follows:

" Mayhem consists in the unlawfully depriving a human being of a member of his or her body, or disfiguring or rendering it useless.   If any person shall unlawfully cut out or disable the tongue, put out an eye, slit the nose, ear or lip, or disable any limb or member of another, or shall voluntarily and of purpose put out an eye or eyes, every such person shall be guilty of mayhem, and on conviction shall be punished by confinement in the penitentiary for a term not less than one year nor more than three years ; provided that no person shall be found guilty of mayhem where the fact occurred during a fight had by consent, nor unless it appear that the person accused shall have been the assailant, or that the party maimed had, in good faith, endeavored to decline further combat ; but, in all other cases where the fact shall happen in actual fight, the party accused, being thereof duly convicted, shall be adjudged guilty of a high misdemeanor, and punished by imprisonment in the penitentiary not exceeding one year, and be fined not exceeding one thousand dollars."

Our first duty is to ascertain the true meaning of the proviso in this section which has been the subject of much discussion at the bar, and by which the sufficiency of this

record is to be tested. In the first place, it is to be observed that in that part of the section which precedes the proviso, mayhem is defined and punished by imprisonment for a term of not less than one year nor more than three years. If the proviso were struck out of the section the crime and its punishment would remain clearly ascertained ; but it is said, that the proviso creates an exception in the statute, which ought to have been negatived in the indictment. In the printed copy of the statute a period is inserted after the word "combat," and thus the proviso is divided into two sentences, while it is very evident, from the language used, that but one was intended. If mistakes of this kind were less common it would hardly be necessary to comment upon the necessity of overlooking this one, and I shall pass to the consideration of the proviso, as if it were properly punctuated. Reading the proviso connectedly, we find in the first place that no person shall be found guilty of mayhem where the fact occurred during a fight had by consent, concerning which it is only necessary to remark that the reference is to the crime of mayhem as previously defined and punished. The language of the proviso then succeeding is as follows : "Nor unless it appear that the person accused shall have been the assailant, or that the party maimed had in good faith endeavored to decline further combat."

The negative particle which connects this clause with the preceding, shows that this also is a limitation upon the crime defined and punished in the clause which stands before the word *provided*. These two clauses of the proviso being connected by the disjunctive *nor*, we cannot say that either limits or qualifies the other, but both of them must be regarded as qualifying what comes before them. We come now to the third and last clause of the proviso, beginning with the words, "but in all other cases where the fact shall happen in actual fight," etc, and this, it will be observed, is not a denial or limitation of any thing which stands before it. It is a substantial clause prescribing a punishment different from that first mentioned, in certain cases "where the fact shall happen in actual fight." Now, we cannot say

that the "other cases where the fact shall happen in actual fight," here referred to, are those previously mentioned in the proviso, because certain of those thus mentioned, to wit : the cases in which the party maimed declines the combat before the fact, are expressly included in the punishment first prescribed.

Another construction is, however, open to us, which is so reasonable and just, and accords so perfectly with the import of the language, that we do not hesitate to adopt it. By the terms of the preceding clauses, where the injury is inflicted during a fight, had by consent, and where the accused was not the assailant, and the injured party did not decline combat before the fact, the offender is not punishable according to the provisions of the first part of the section, and these are the *other cases* referred to in the last clause of the proviso. The cases excepted out of the first part of the section, on account of the mitigating circumstances attending them, are visited with milder punishment. The only effect of the proviso, then, is to reduce the offense in certain specified cases, from a higher to a lower grade. Whether the higher offense is a felony, appears to be an open question. *Commonwealth* v. *Newell*, 7 Mass. 244. But this is not important, except with reference to the old rule, that a conviction for misdemeanor could not be had upon an indictment for felony. As we are not disposed to adopt that rule, it seems unnecessary to inquire whether mayhem is felony under our law. Upon the point that a conviction for misdemeanor may be had upon an indictment for felony in cases where the misdemeanor is included in the higher offense, counsel are referred to *People* v. *Jackson*, 3 Hill, 92; *Stewart* v. *State*, 5 Ohio, 145. Upon what has been said of the interpretation of the statute, we are now prepared to speak of the sufficiency of this indictment. The criminal acts prohibited by the law are : cutting out or disabling the tongue, putting out an eye, slitting the nose, ear or lip, and the circumstances attending the act, as whether it be done in a fight had by consent, whether the accused

were the assailant, etc., determine the nature and aggravation of the crime and the punishment to be administered.

The acts prohibited are criminal in a degree determinable by the circumstances attending them. Now it is always sufficient in pleading to charge the fact, leaving matters of excuse to come in by way of defense. Mr. STARKIE says "that no indictment is sufficient which alleges an act or omission in itself innocent, unless it proceed to disclose circumstances which render such act or omission illegal," and it would be difficult to find a better statement of the rule. But when the act is in itself criminal, it is sufficient to charge it, leaving the prisoner to excuse himself if he can. In *Rex* v. *Pemberton*, 2 Burr. 1036, the rule is laid down as follows : "It is enough for the prosecutor to bring the case within the general purview of the statute, upon which the indictment is founded ; if that statute has general prohibitory words in it. For where an indictment is brought upon a statute which has general prohibitory words in it, it is sufficient to charge the offense generally in the words of the statute, and if a subsequent statute or (as Mr. Justice FOSTER and Mr. Justice WILMOT, who spoke after Lord MANSFIELD and Mr. Justice DENNISON, added), even a clause of exception, contained in the same statute, excuses persons under such and such circumstances, or gives license to persons so and so qualified so as to excuse or except them out of the general prohibitory words, *that* must come by way of plea or evidence, that the party is not within such general prohibition but excepted out of it."

So Mr. CHITTY (1 C. L. 231 *a*), "In general all matters of defense must come from the defendant and need not be anticipated or stated by the prosecutor."

See, also, *Commonwealth* v. *Hart*, 11 Cush. 130. The application of this rule to the case under consideration is obvious. The act prohibited by the law and charged in this indictment is biting off the ear of the prosecuting witness Thompson, and this act is criminal in a high or low degree, according to the relations of the parties, as whether they were in combat,

etc., at the time of the injury. In either case, the prose-cutor can do no more than charge the fact with the intent, because this is all that is necessary to make out the crime. To require the pleader to negative the circumstances, which would reduce the crime to the lower grade, would be to an-ticipate the defendant's case, and this is as unnecessary as it is unreasonable.

We think that the indictment is good, not only for the principal crime, but also for the misdemeanor defined in the last clause of the proviso. As before observed, the criminal act is the same whatever the circumstances attending its commission. It is like a case of homicide which may be murder or manslaughter, according to the relations of the prisoner and deceased at the time of the fact. As we have seen, the pleader could not do more than negative the cir-cumstances which will reduce the crime, and if this had been done the indictment would still be good for the smaller offense. The greater includes the less, and the indictment without such negative averments must still be good for the smaller offense.

Upon the trial below, the jury were instructed that if the injury was inflicted during a fight between Foster and Thomp-son, had by consent, and Foster was the assailant, or Thomp-son declined the combat at the time the fact occurred, the accused was guilty. Considered with reference to the higher crime, this charge does not conform to the views expressed in this opinion, but applied to the inferior offense, the charge is too favorable to the plaintiff in error. There is evidence tending to show, and probably the jury found, that Thomp-son, the prosecuting witness, entered into the combat volun-tarily. That Foster and Thompson did fight, and that dur-ing the struggle the former bit off the ear of the latter, under circumstances peculiarly atrocious, is upon the evidence beyond all doubt. Whether the fight was by consent is not so clear, but upon the evidence and the instructions of the court the jury may have found that fact. Assuming that the jury intended to find that the fight was by consent, which is the view most favorable to the plaintiff in error, this ver-

dict is still sufficient for the misdemeanor defined in the last clause of the proviso.  Beyond all doubt he is guilty of the inferior offense, and admitting the full force of every objection that he makes to this record, he stands convicted of it.  The new testimony which he desires to introduce upon another trial of the cause would not free him from this guilt, and therefore it would be useless to give him an opportunity to present it.  The judgment of the district court is too large, and therefore it must be reversed and set aside.  But the ends of justice do not require that another trial of the cause shall be had, and therefore the district court of Arapahoe county is directed to enter judgment upon the verdict of the jury, as for the misdemeanor mentioned in the last clause of section 43 of the Criminal Code, and the said plaintiff in error shall attend before said district court on the first day of the next term thereof, and from day to day thereafter until discharged by that court, in order that judgment may be pronounced against him.

*Reversed.*