**Leonard BEASLEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 12007.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 6, 1954.

Decided Nov. 4, 1954.

Writ of Certiorari Denied
April 11, 1955.
See 75 S.C. 584.

Miss Jeanne B. Miles, Washington, D. C., with whom Messrs. Emory H. Smith and Charles W. Smith, Washington, D. C., were on the brief, for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Upon sufficient evidence appellant was convicted in the District Court, with others who have not appealed, of the illegal sale, purchase and concealment of heroin, a narcotic, in violation of the Harrison Narcotics Act [1] and the Narcotic Drugs Import and Export Act.[2] Several grounds for reversal are asserted.

■ In the presence of the panel but before the jury was drawn and sworn on voir dire the court inquired of the Assistant United States Attorney in charge of the prosecution which of the several cases pending he desired to try. When the jurors had been sworn and the witnesses had retired four envelopes were left with the prosecuting attorney, who selected one of them in the jury's presence. These incidents are said to have prejudiced appellant by indicating he was implicated in other cases. The trial judge was in a better position to appraise their effect or lack of it upon the jury. The record gives insufficient basis for us to reach a judgment different from his. Furthermore, in his charge to the jury the judge adverted to the fact that he

---

1. 38 Stat. 785, as amended, 26 U.S.C. § 2553(a), later amended, 67 Stat. 505, 26 U.S.C. § 2553(a) (Supp.1954); 38 Stat. 786, as amended, 26 U.S.C. § 2554 (a), later amended, 67 Stat. 505, 26 U.S.C. § 2554(a) (Supp.1954).

2. 35 Stat. 614, as amended, 21 U.S.C.A. § 174.

tries many cases and that when he made the inquiry as to which case the prosecution wanted to proceed in, the jury should draw no inference whatever that the other cases bore any relation to appellant's.

■ The defense says it was unduly restricted in cross-examining the federal narcotic agent Johnson, the principal witness for the prosecution. Johnson testified that one Willie Green, an informer, had been with him when the allegedly illegal sale was made. Defense counsel asked, "Who introduced you to Willie Green?" Johnson answered, "I met him at the Office of the Bureau of Narcotics." When the question was asked again and objected to the inquiry was dropped. Counsel then asked, "How did you know his name was Willie Green?" The court ruled the question to be immaterial. The court might well have permitted an answer but was not required to do so at the cost of reversal for refusing. The defense was not significantly handicapped in testing Johnson's credibility.

■ Johnson fixed the day of the illegal conduct charged to appellant as May 5, 1953. His cross-examiner inquired about the weather on April 17, 1953, the date Johnson said he had gone to Seventh and T Streets with Green, where they observed Pilcher, one of the co-defendants. Johnson replied it was a sunny day. "Q. All day long? A. Yes, sir." Then came the question ruled out, "And how about the next day? What kind of weather was it that day?" This line of inquiry was not pertinent to the main issue. It was a testing of the witness' recollection regarding events quite removed from appellant's case both in point of time and otherwise. Therefore, like the incident previously discussed, the extent to which these questions could be pursued rested in the

sound discretion of the trial court. We find no abuse. See Collazo v. United States, 90 U.S.App.D.C. 241, 252–253, 196 F.2d 573, 584, certiorari denied, 343 U.S. 968, 72 S.Ct. 1065, 96 L.Ed. 1364; Christoffel v. United States, 91 U.S.App. D.C. 241, 248–249, 200 F.2d 734, 740– 741.[3]

■ The defense itself called Willie Green as a hostile witness and complains the court did not insist that he answer questions about the date of his birth, residence, and other environmental factors claimed to bear upon his character, bias, and credibility, citing Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624, and other cases. But we think they are inapposite here because Willie Green did not testify for the prosecution against appellant, though he was referred to in the testimony of Johnson. The defense may not call a witness who has not testified merely to attempt to discredit him in the course of eliciting adverse testimony, which is what occurred. If Willie Green had been called by the prosecution reversal might be required by Alford v. United States, supra. Its principles no doubt apply also if the defense calls the witness and is surprised by his testimony. And the fact that Willie Green was an informer or undercover man would not alone justify, as the court seemed to think, any restriction upon cross-examination otherwise proper.

■ Appellant testified in his own behalf. He was cross-examined about his arrest for selling narcotics on another occasion. Upon objection the prosecutor said appellant was convicted, meaning that since he not only was arrested but was convicted the evidence was competent.[4] But not so in this instance; for, as soon appeared at a bench conference, the conviction referred

3. Certiorari granted, judgment vacated and case remanded to the District Court for resentencing under 18 U.S.C. § 231 (1946), 345.U.S. 947, 73 S.Ct. 868, 97 L.Ed. 1371.

4. Evidence of arrest of a witness is inadmissible, but that of his conviction of crime is admissible, to impeach his credibility. Sanford v. United States, 69 App. D.C. 44, 98 F.2d 325; Campbell v. United States, 85 U.S.App.D.C. 133, 176 F.2d 45.

to was recent and appellant had not yet been sentenced. Since the time for appeal had not expired evidence of the conviction was not admissible. Campbell v. United States, note 2, supra. The trial court immediately ruled that the jury should not consider the statement; and later charged the jury, "the rule of law is that one may not show the innocence or guilt on a specific charge by proof of what transpired in another case." While this did not relate specifically to credibility it served with the court's earlier ruling to eliminate any likelihood the jury would let mention of the conviction weigh against appellant. Furthermore, there was no evidence of a conviction, only the prosecutor's statement, and the court instructed the jury that such statements of counsel did not constitute evidence. We think the error was cured by the prompt action of the court considered with his charge.

A related incident requires mention. On cross-examination subsequent to the arrest-and-conviction-incident above discussed the prosecutor asked appellant if it were not a fact that when Officers Rayboy and Panetta had arrested him they did not charge him with a sale of narcotics to Johnson, that is, that the arrest did not pertain to this case. He replied they had not arrested him for selling to anybody but had gone into his file and got his picture. Defense counsel asked for a mistrial on the basis of this cross-examination. It was properly denied because the arrest referred to had been mentioned by appellant himself in his own direct testimony.[5] He may not complain of cross-examination which developed that it was not associated with the offense on trial. Furthermore, as we have seen, the court charged the jury that guilt could not be shown by proof of what transpired in another case and, also, that the jury were to consider only the offense charged in the indictment.

Finally, defense counsel in examining Willie Green, the informer, asked him where he was from. Green refused to answer. The Assistant United States Attorney interjected in apparent explanation, "This man was threatened." Defense counsel said he wished to assure the court that he had not threatened him, and the incident passed without objection or request for a ruling. In this situation there is no basis for us now to treat the remark as one requiring reversal, assuming its impropriety.

In affirming the judgment we do not approve the conduct of the Assistant United States Attorney in stating that Green was threatened. If anything of the sort were necessary it was for a bench conference. This incident, as well as those indicating other cases to be tried, gave rise to the possibility the jurors might have considered matters not properly before them. In all the circumstances, however, we do not find error which requires reversal. We are fortified in this conclusion by the trial judge's very full and fair charge which was calculated to eliminate any unwarranted influence which might have lingered in the minds of the jurors. See Campbell v. United States, supra.

Affirmed.

---

5. A still earlier arrest, and serving of time, for petit larceny, had been brought out also by appellant on direct examination, in connection with which he had explained the taking of his picture.