## No. 24920

**The People of the State of Colorado v. James Simmons**
(501 P.2d 119)

Decided September 25, 1972.

432

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Special Assistant, for plaintiff-appellee.

Cosgriff, Dunn and French, Hugh R. Warder, Robert H. S. French, for defendant-appellant.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE

The appellant, James Simmons, was convicted of

possession of cannabis sativa L., in violation of C.R.S. 1963, 48-5-2. His sole contention here is that the evidence shows that he was entrapped into committing the offense and is therefore entitled to acquittal of the charge. Since we find the contention to be without merit we affirm.

The record discloses the following relevant facts leading to appellant's conviction: On the evening of May 10, 1969, appellant, while drinking in a Leadville bar, was approached by one Larry Kasten and asked if he (appellant) could procure some marijuana. Appellant thereupon advised Kasten to come to the appellant's house the next morning to pick up some "stuff." There was conflicting testimony as to when and on how many other occasions Kasten had solicited appellant for marijuana, but Kasten admitted to approaching appellant on two other occasions, all within one month of May 10, 1969. On the morning of May 11, 1969, Kasten was met at his house by Donald Hansen, a deputy sheriff of Lake County. After searching Kasten, Hansen placed a five dollar bill in Kasten's pocket. Kasten left his house and went to the home of appellant, where the money was exchanged for a small matchbox containing marijuana. Kasten returned to his home and gave the matchbox to Hansen.

During and after the trial which was to a jury, appellant made motions to suppress and for judgment of acquittal or for new trial. As the basis for these motions he stated that the damaging evidence presented against him in court was acquired through entrapment. All motions were denied.

The defense of entrapment was unknown to the common law and is still not available to defendants in many jurisdictions, see Donnelly, *Judicial Control of Informants, Spies, Stool Pigeons, and Agent Provocateurs,* 60 Yale L.J. 1091, 1098-1115; *Martinez v. United States,* 373 F.2d 810 (10th Cir.). However, in Colorado entrapment has been regarded as a defense since at least 1893. As the law on this point has developed, the courts have drawn a strong distinction between (1) the seduction by a government agent of an innocent person into doing an unlawful act not contemplated by him, and (2) a government agent affording

an opportunity to one who has the intent and design to commit a criminal offense to do so. *People v. Patterson,* 175 Colo. 19, 485 P.2d 494; *Mora v. People,* 172 Colo. 261, 472 P.2d 142; *Yeager v. People,* 170 Colo. 405, 462 P.2d 487; *Gonzales v. People,* 168 Colo. 545, 452 P.2d 46; *Reigan v. People,* 120 Colo. 472, 210 P.2d 991; *Simmons v. People,* 70 Colo. 262, 199 P. 416. The first situation affords a complete defense to one charged with a crime under those circumstances. The second is a perfectly proper tool in the arsenal of law enforcement agents.

The evidence here shows no circumstances which would lead to the application of the doctrine of entrapment as a matter of law. There were no circumstances present in the instant case which in other cases have led courts to hold the defense of entrapment good, such as importunate solicitations accompanied by an attempt to arouse the sympathies of the defendant to an urgent need of the importunee. Nor do we find anything in the record which indicates anything other than that the government agent gave the appellant the opportunity to commit a crime, an opportunity which he took advantage of to his ultimate detriment.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.