## No. 25224

### The People of the State of Colorado v. Michael Lee
(506 P.2d 136)

Decided February 5, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Sara-Jane M. Cohen, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Michael Lee was convicted by a jury of the crime of dispensing dangerous drugs, 1969 Perm. Supp., C.R.S. 1963, 48-8-2(2)(a). His motion for a new trial was denied, and he was sentenced to the penitentiary. On appeal, he asserts that the trial court erred in denying his motion for a judgment of acquittal and in not granting him a reasonable opportunity to obtain the presence of a particular witness who, he contended, was necessary to support his defense of entrapment. He also claims that the court committed error in instructing the jury on the burden of proof required when entrapment was raised as a defense. We affirm.

## I.
### Entrapment

On September 27, 1970, a narcotics suspect was released from the Boulder county jail, after he agreed that he would make arrangements for police undercover agents to purchase dangerous drugs. Subsequently, the narcotics suspect notified the police that the defendant had LSD for sale and would be standing by a certain telephone booth waiting to make the sale. An undercover police agent contacted the defendant at the telephone booth and offered to buy LSD. The defendant produced a sample, and the undercover police agent then agreed to buy some LSD from the defendant. The defendant informed the agent that the LSD was kept at a motel and that it would be necessary to go to the motel to obtain the LSD and make delivery. The defendant and the agent went to

the motel, and after the money was paid and the LSD was delivered, the defendant was arrested.

The defendant asserts that the events which led to his arrest amounted to entrapment and that the conduct of the police precludes his conviction for dispensing or selling dangerous drugs. To prove his defense of entrapment, the defendant subpoenaed the released narcotics suspect who set up the meeting between the police undercover agent and the defendant at the telephone booth. When the narcotics suspect failed to appear, the court refused to grant the defendant more than a short continuance to obtain the presence of the witness. When the defendant was unable to produce the narcotics suspect in the allotted time, trial was resumed over the defendant's objection, and the case was concluded without the narcotics suspect's testimony.

On appeal, the defendant claims that his defense of entrapment was severely limited as a result of his inability to obtain the testimony of the witness he had subpoenaed and contends that he should be granted a new trial. The record, however, indicates that the defendant was not prejudiced by the failure of the narcotics suspect to respond to the subpoena.

After the defendant was convicted, counsel for the defendant found the narcotics suspect and obtained his affidavit. The affidavit fully sets forth the involvement of the narcotics suspect in the sale and was before the trial court when the defendant's motion for a new trial was denied. No facts appear in the affidavit which were not admitted by the prosecution. The facts supporting the entrapment defense were fully developed in the course of the trial, and the testimony of the absent witness would not have provided further support for the defense. The events which preceded the sale of LSD do not establish entrapment. Our law on entrapment can be traced back to *Connor v. People,* 18 Colo. 373, 33 P. 159 (1893). However, our courts have consistently held that entrapment does not occur when a government agent merely offers a person an opportunity to commit an offense. *E.g., People v. Simmons,* 179 Colo. 431, 501 P.2d 119

(1972). The very nature of narcotics cases is such that arrests often occur after an undercover agent has offered to buy narcotics from a person who reputedly has narcotics available for sale. Entrapment does not consist of the mere act of making a sale to a person who has offered to purchase narcotics.

██ The defense of entrapment was never intended to be an escape hatch for those who mistakenly sell narcotics to a police officer. When a person who has narcotics for sale is ready, willing, and able to effect a sale with no more than ordinary persuasion, he has not been entrapped and must suffer the consequences for dispensing or selling narcotics. *Mora v. People,* 172 Colo. 261, 472 P.2d 142 (1970) [narcotics]; *Yeager v. People,* 170 Colo. 405, 462 P.2d 487 (1969) [narcotics]; *Simmons v. People,* 70 Colo. 262, 199 P. 416 (1921) [intoxicating liquor]; *Plue v. People,* 69 Colo. 250, 193 P. 496 (1920) [intoxicating liquor].

██ Under some circumstances, the failure of the court to grant a continuance or to order a mistrial when a witness who has been subpoenaed fails to appear would require reversal. However, under the circumstances of this case, with all facts surrounding the sale of LSD admitted or appearing in the record, the error, if such did occur, was harmless. Reversal is not indicated. *See Moore v. People,* 164 Colo. 222, 434 P.2d 132 (1967).

## II.
### Instructions
██ The defendant contends that the court failed to properly instruct the jury on the law of entrapment. The defendant's theory of defense was adequately covered, and the entrapment defense was set forth so that the jury could properly consider the facts in connection with the law. The burden of proof instruction fully protected the defendant and cast the onus of proving the defendant's guilt beyond a reasonable doubt on the prosecution. In our opinion, the instructions, when considered together as a whole, fully instructed the jury on the law.

## III.
### Judgment of Acquittal

The defendant has come forth with an ingenious argument that would call for reversal on the basis of the statutory language which excepts from criminal responsibility those persons who dispense a drug to a police officer. The statute lacks clarity, but the legislative intent behind the statute is clear. The statutory provision in question is 1969 Perm. Supp., C.R.S. 1963, 48-8-3, which provides:

"48-8-3. *Exemptions.* — (1)(a) The provisions of subsections (2), (5), and (10) of section 48-8-2, as amended, shall not apply to the dispensing of dangerous drugs to the following persons or to the possession of such drugs by such persons, or to persons acting under the supervision of such persons, or to the agents, employees, or carriers of, or carriers delivering to, such persons, for use in the usual course of their business or practice or in the performance of their official duties:

\* \* \*

"(e) Officers or employees of appropriate agencies of federal, state, or local governments, pursuant to their official duties;"

In our judgment, the statutory exemption is available only if the person dispensing the drug is lawfully in possession of the drug and knows that he is dispensing the drug to a police officer in his official capacity. Our construction furthers the intent of the legislature to deter acts which tend to place dangerous drugs promiscuously in the hands of the public. The exemption at issue was designed to protect police officers from criminal liability for transfers of drugs made in the course of police work, not to preclude convictions for sales made to undercover agents. To accept the defendant's argument would be to frustrate the statutory purpose. We will not construe a statute in such a way as to defeat the legislative intent. *E.g., McNulty v. Kelly,* 141 Colo. 23, 346 P.2d 585 (1959). In statutory construction, legislative intent is the polestar. *E.g., Johnston v. City Council of City of Greenwood Village,* 177 Colo. 223, 493 P.2d 651 (1972). The legislature has acted to proscribe those acts which cause dangerous drugs to be dispensed to the detri-

ment of the public. The purpose is clear. No statutory exemption exists to protect the drug seller from arrest and conviction when he mistakenly sells his illicit product to undercover police agents.

Accordingly we affirm the conviction.

MR. JUSTICE KELLEY does not participate.