## No. 25618

**The People of the State of Colorado v. Patricia Kay Ross**
(512 P.2d 1154)

Decided July 30, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Michael J. Holloran, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This appeal is from a conviction of "possession with intent

to dispense narcotic drugs." Trial was to the court.

Defendant-appellant Patricia Kay Ross was contacted by an undercover police agent who was attempting to locate a third person suspected of selling dangerous drugs. After several such contacts — according to the testimony of the agent — Ross offered to sell him amphetamines. She made the sale on three separate occasions in the space of about two weeks. Ross offered contradictory evidence through another witness that the police agent actually sought out the drugs and asked her if she had any or knew where she "could get some."

Ross claims the evidence shows entrapment and that on that basis she was entitled to an acquittal. She misconceives the law. Accepting, *arguendo,* the claim of Ross that the police agent sought out and asked for the drugs, it is the rule that when an agent merely provides one with the opportunity to transgress the law, there is no entrapment. *People v. Simmons,* 179 Colo. 431, 501 P.2d 119 (1972); *Mora v. People,* 172 Colo. 261, 472 P.2d 142 (1970); *Carrigan v. United States,* 405 F.2d 1197, (1st Cir. 1969).

One other argument was advanced in the briefs before this court rendered its decisions in *People v. Gill,* 180 Colo. 383, 506 P.2d 134 (1973) and *People v. Lee,* 180 Colo. 377, 506 P.2d 136 (1973). Those cases hold that one cannot claim the statutory exemption from criminal responsibility provided in 1969 Perm. Supp., C.R.S. 1963, 48-8-3(1)(a) unless one is lawfully in possession of the drug and dispenses it with knowledge that the recipient is a police officer. The law as announced in those decisions disposes of the argument presented herein.

Judgment affirmed.

MR. JUSTICE ERICKSON does not participate.