## No. 25809
## No. 25881

## The People of the State of Colorado v. Jerry Lee Bowers
(530 P.2d 1282)

Decided December 23, 1974. Opinion modified and as modified rehearing denied February 3, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Jerry Lee Bowers (defendant) was charged in the El Paso County district court with two counts of selling, with intent to aid or induce another to unlawfully use or possess, a narcotic drug, in violation of C.R.S. 1963, 48-5-20(1)(a) and (c). He was found guilty by a jury on both counts. He seeks to reverse the convictions, contending, first, that the statute is unconstitutional, and, second, that the evidence was insufficient to sustain the verdicts of guilty. We hold the statute to be constitutional, but agree with the defendant that the evidence was not sufficient to support the verdicts of guilty. We therefore reverse.

The two counts arose out of two illicit drug transactions initiated by undercover narcotics officers. The People's evidence established that on November 19, 1971, Ronald Phillip Huggins, a heroin addict confined in jail awaiting trial, in consideration of his being released from jail on personal recognizance bond, was persuaded by the police to go to defendant's residence to make a

"buy" of narcotics. As agreed, Huggins, while under surveillance of Officers Dalton and Ricks, went to defendant's apartment where he bought thirty dollars worth of heroin. Huggins testified that he was previously acquainted with the defendant through their mutual drug involvement. While at the apartment, Huggins asked the defendant if he could inject some of the heroin. The defendant refused. Huggins then left and turned the narcotics over to the awaiting officers.

Later, on November 30, 1971, Officers Dalton and Ricks, working undercover, went to defendant's apartment and asked if he had any heroin left. Defendant pointed to a woman in the same room, who produced two packets of heroin. Officer Ricks offered twenty dollars in payment to the defendant, who told Ricks to "give it to her." Ricks and Dalton then left with the heroin.

Defendant was arrested nineteen days later. In his statement to the police, he maintained that "he did not make too much money from the heroin he was selling, just enough to support his habit."

At the close of the People's case, the defendant moved for dismissal on the grounds that the prosecution had failed to present sufficient evidence to support a conviction on either count. More specifically, defendant argued that there was no evidence in the record to support the element of specific intent "to induce or aid another to unlawfully use or possess a narcotic drug." C.R.S. 1963, 48-5-20(1)(a) and (c). The motion was denied.

Defendant did not testify in his own behalf, but offered into evidence an exhibit showing that the case against the witness Huggins was dismissed on a *nolle prosequi* motion of the district attorney.

## I.

■ Defendant's first contention is that C.R.S. 1963, 48-5-20(1)(a) and (c) is unconstitutional for the following reasons. He contends that the offense defined therein is the same offense as that defined under section 48-5-2. From this premise he demonstrates that the two statutes prescribe grossly disparate penalties for what are, in his view, the same act. Under section 48-5-2, the penalty for a first offense is not less than two nor more than fifteen years imprisonment; while, under section 48-5-20(1)(a) and (c), the penalty is not less than ten nor more than twenty years imprisonment. C.R.S. 1963, 48-5-20(2)(b) and (c). He

argues that the statutes which prescribe different punishments for the same violations committed under the same circumstances by persons in like situations are void as violative of the equal protection of the law. *Trueblood v. Tinsley,* 148 Colo. 503, 366 P.2d 655.

We do not disagree with this basic principle of constitutional law. We do disagree, however, with defendant's underlying premise — that the offense defined by the two sections are identical offenses for which disparate penalties are assessed. As suggested not only by the difference in the statutory language, but also by our decisions in *Yeager v. People,* 170 Colo. 405, 462 P.2d 487, and *People v. McKenzie,* 169 Colo. 521, 458 P.2d 232,. section 48-5-2 is aimed at the simple sale of narcotics, whereas section 48-5-20(1)(a) and (c) is directed at the drug "pusher" who sells with the *specific intent* to induce or aid another to unlawfully use and possess the narcotic drug. In our view, these sections do not create unreasonable legislative classifications, considering the social evils sought to be controlled and eradicated. The more severe punishment prescribed for violation of the "pusher" section of the statute is consistent with the apparent legislative purpose of the law, that of diminishing the spread of narcotic addiction.

Our view of the statutory purpose is reinforced by the legislative history of section 48-5-20(1)(a) and (c). The first legislative enactment proscribing the sale of narcotic drugs appears in 1935 CSA, c. 58 § 29, which criminalized the simple sale of narcotic drugs with certain exceptions which are not here pertinent. The language of the original statute remained substantially unchanged and is codified in C.R.S. 1963, 48-5-2. Changes which have occurred in connection with this section involved increases in penalties and some additions of new violations. Whereas initially the penalty for a sale was a term of imprisonment of not less than one nor more than ten years, the present penalty is confinement for not less than two nor more than fifteen years.

In 1952 the legislature enacted an additional section which made criminal the conduct of "any person who sells, dispenses, or administers any narcotic drug to any person under the age of twenty-one (21) years, or *actively induces or entices* any person

under the age of twenty-one (21) years to use any narcotic drug * * *." Colo. Sess. Laws 1952, ch. 39, at 106. This section is the predecessor to the present section 48-5-20(1). The act was further amended by Colo. Sess. Laws 1959, ch. 108, at 389. The scope of the inducement portion of the statute was broadened to make it unlawful to sell "with intent to aid or induce *another* to unlawfully use or possess narcotic drugs" without regard to the age of that other person. The statute as reorganized by the 1959 act contained additional specific provisions relating to illegal drug activities involving minors. C.R.S. '53, 48-6-20(1)(d), (e), (f) and (g). Again, the legislature in 1963 amended those specific sections of the statute relating to minors by broadening the proscription to apply to "any other person." Colo. Sess. Laws, 1963, ch. 114, 48-6-20(1), at 345.

Thus, it is seen that the proscription against the simple sale of narcotics has remained an offense substantially in the same form since its initial enactment in 1935; whereas, in contrast, the sale "with intent to induce and aid" portion of the statute, originally directed to protecting minors from those who would actively induce and entice them into using narcotic drugs, was broadened in its application to provide protection for all persons regardless of age. In view of this legislative evolution, we do not regard it as significant that the words "actively induces or entices" were changed to the present language, "with intent to induce or aid another."

It is clear that section 48-5-20(1)(a) and (c) is directed toward the "pusher" who would intentionally induce and aid another to use and possess narcotic drugs in furtherance of his illicit business enterprise, whereas section 48-5-2 applies only to the simple sale, without that specific intent. The two statutes define separate crimes and properly specify different punishments. We find defendant's challenge to the validity of the statute in question to be without merit and hold the statute to be constitutional.

## II.

Turning now to the evidentiary problem, our examination of the record convinces us that the People failed to present substantial evidence showing beyond a reasonable doubt that defen-

dant sold narcotic drugs with the specific intent to induce or aid either Huggins or Officers Dalton and Ricks to use or possess the narcotics sold to them. On the contrary, what evidence there is appears to preclude the inference of specific intent.

Both sale transactions were initiated by the undercover police and their agent, Huggins, who sought out defendant and solicited the "buys" from him. There was no affirmative act shown on the part of defendant from which it would be reasonable to infer that he initiated the transaction, solicited the sale, persuaded or enticed the buyers to make the purchases, or sold with intent to induce and aid the buyers to use or possess the narcotic drugs as proscribed by the statute. The defendant in fact knew the first buyer, Huggins, to be an addict. Again, in the second sale, it was the officers who were the active parties and solicited the purchase. There is nothing in the circumstances of that transaction to show that the defendant sought to induce them, presumably not addicted to narcotics, to become users.

We do not suggest that, in the absence of direct evidence of specific intent, there may not be ample circumstantial evidence in a particular case from which it would be reasonable to infer that the specific intent of the seller was to engage in the conduct proscribed by the statute. *Cf. People v. Gable,* 184 Colo. 313, 520 P.2d 124. Such circumstances in our view do not appear in the record in this case.

## III.

■ Simple sale of narcotics is a lesser-included offense of sale with intent to induce or aid. The court properly so instructed the jury. There was ample competent evidence to support a verdict of simple sale. In fact, the sales of the narcotics were never disputed by appellant. His argument on the sufficiency of the evidence was directed solely to the lack of evidence of specific intent to aid or induce another to unlawfully use or possess the narcotic drugs.

■ The jury, by finding appellant guilty of the greater offenses, necessarily found he was guilty of the lesser offenses. Under these circumstances, as a matter of law the appellant was guilty of the lesser offenses. It is, therefore, unnecessary to have a retrial of the lesser offenses. *Foster v. The People,* 1 Colo. 293; *DeMarrias v. United States,* 453 F.2d 211 (8th Cir. 1972);

*United States v. Bryant,* 454 F.2d 248 (4th Cir. 1972); *People v. Borders,* 37 Mich. App. 769, 195 N.W.2d 331.

The judgment is reversed and the cause remanded with directions to vacate the verdicts of guilty, to enter a judgment of conviction of simple sale on each count of the information, and for resentencing appellant thereunder.