## No. 26226

## The People of the State of Colorado v. Wardell Harden Patterson, Jr.

(532 P.2d 342)

Decided February 18, 1975.

432

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, for plaintiff-appellee.

Daniel B. Mohler, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Wardell Harden Patterson, Jr., has appealed from his conviction of selling narcotic drugs with the intent to induce or aid the purchaser to unlawfully use or possess narcotic drugs. C.R.S. 1963, 48-5-20(1)(a)(c). A two-count information charged that the defendant sold both heroin and cocaine with the specific intent set forth in the statute. The jury convicted the defendant on both counts. On appeal, the defendant contends that (1) he was improperly denied the right to impeach a defense witness; (2) he was charged pursuant to the wrong statutory provision; and (3) the evidence was insufficient to sustain a conviction. The record establishes that the evidence was insufficient to sustain a conviction of the crime charged, but was sufficient to prove the lesser included offense of unlawful sale of a narcotic drug. C.R.S. 1963, 48-5-2. Accordingly, we reverse and remand with directions to the trial court.

I.

The Transactions in Issue

An undercover agent, Officer William Robertson, with the assistance of an informant, obtained delivery of both cocaine and heroin from the defendant. The informant lived in the same house with the defendant and several other narcotic users. The undercover agent went to the house and was introduced to the defen-

dant by the informant. In the presence of the informant, the defendant agreed to sell the undercover agent one gram of brown cocaine for $50. After the price was agreed to, the defendant left with the undercover agent in the agent's car. The agent gave the defendant $50 to pay for the cocaine. Upon receipt of the money, the defendant left the agent's car, picked up the informant in his own car, returned to the place where the agent was parked, and caused the informant to deliver the cocaine to the undercover agent. Later, when the agent sought to acquire a larger amount of cocaine, the defendant asserted that he could not obtain any more cocaine, but agreed to sell the agent 1/4 teaspoon of heroin. Twenty-five dollars was paid for the heroin, and the defendant caused the heroin to be delivered to the agent.

## II.
### Impeachment of a Defense Witness

■ The informant in this case was not unknown. With the exception of the agent, all those who were present when the transactions took place were narcotics users. The prosecution's case was presented without calling the informant as a witness. As part of the defendant's case-in-chief, the informant was called as a defense witness. Defense counsel made no effort to prove that the informant was hostile or to show surprise, but contends that the defense should have been allowed to show that the informant had a poor reputation for truth and veracity. The trial judge held that the defense counsel could not impeach his own witness. On appeal, the trial judge's refusal to allow defense counsel the right to impeach his own witness is asserted as error. We must affirm if the trial judge did not abuse his discretion in denying the defendant the right to impeach his own witness. *Worthy v. United States,* 352 F.2d 718 (D.C. Cir. 1965).

■ It is Hornbook law that a defendant may not call a witness and bring out adverse testimony and then seek to impeach his own witness when he has not shown either surprise or hostility. *Beasley v. United States,* 218 F.2d 366 (D.C. Cir. 1954). *See also Mora v. People,* 172 Colo. 261, 472 P.2d 142 (1970); *Land v. People,* 171 Colo. 114, 465 P.2d 124 (1970); *Bustamonte v. People,* 157 Colo. 146, 401 P.2d 597 (1965); *McBrayer v. Zordel,* 127 Colo. 438, 257 P.2d 962 (1953).

■ The trial judge did not abuse his discretion and properly defendant agreed to sell the undercover agent one gram of

## III.
### The Statutory Offense

■ The defendant asserts that he was charged and convicted of violating the wrong statute. He claims that the offense which he committed, if any, was possession or sale of a narcotic drug (C.R.S. 1963, 48-5-2), and not the more serious crime which the legislature has defined in C.R.S. 1963, 48-5-20(1)(a)(c). The defendant was convicted of selling narcotics with the specific intent to induce or aid the purchaser in unlawfully using or possessing narcotic drugs. The defendant argues that he cannot be guilty of the crime charged, because the sale was to an undercover agent who cannot fall within that class of purchasers that would unlawfully possess or use the narcotics. We answered the defendant's argument in *People v. Lee,* 180 Colo. 376, 506 P.2d 136 (1973). In *Lee,* we construed 1971 Perm. Supp., C.R.S. 1963, 48-8-3, and declared that the statutory exemption for sale of dangerous drugs to a police officer could be activated only when the seller knew that he was dispensing the drugs to a police officer in his official capacity. The same reasoning dictates the conclusion in this case. The participation of an undercover agent in a narcotics transaction does not prevent C.R.S. 1963, 48-5-20(1)(a)(c) from being applicable. As we said in *Lee,* it is the seller's intent in effecting the sale which governs the transaction. The issue is whether the defendant had the specific intent to assist or induce the purchaser to use or possess cocaine or heroin. *See Mora v. People,* 172 Colo. 261, 472 P.2d 142 (1970).

Thus, the issue must be determined in accordance with the evidence which appears in the record.

## IV.
### Sufficiency of the Evidence

■ The defendant's motion for a judgment of acquittal was denied. He asserts that the evidence offered to show that he had the specific intent to aid or induce the purchaser or unlawfully use or possess narcotics was insufficient. We agree, but conclude that the evidence was sufficient to prove the lesser included offense of

unlawful sale of a narcotic drug. *See People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974).

In *People v. Bowers,* 187 Colo. 233, 530 P.2d 1282 we construed the statutory provisions which are in issue in this case. In *Bowers,* we concluded that the word "aid," as used in the statute, should be equated with "induce," and that the statute is aimed at the drug pusher who intentionally seeks to increase and broaden his nefarious activities by encouraging others to use or possess narcotics. It was the clear legislative intent to deal more severely with the drug pusher than with the person who effectuates a sale in response to an unsolicited inquiry. *Compare* C.R.S. 1963, 48-5-2 *with* C.R.S. 1963, 48-5-20(1)(a)(c).

In order to prove the specific intent set forth in C.R.S. 1963, 48-5-20(1)(a)(c), the prosecution must prove that the defendant initiated and solicited the sale in question. *See People v. Bowers, supra.*

In the instant case, there is no evidence of any kind which would show, or support the conclusion of a reasonable mind, that the defendant harbored the requisite specific intent at the time the sale was made. It is clear that the undercover agent initiated the sale and caused the sale of both the cocaine and the heroin to occur.

Accordingly, the trial judge erred in submitting the more serious offense to the jury. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). The evidence which was offered was, however, sufficient to prove a violation of C.R.S. 1963, 48-5-2. The record clearly establishes all the elements of an unlawful sale of narcotics. As authorized by C.A.R. 1(d), 35(e), and Crim. P. 31(c), we modify the jury verdict and judgment and remand to the trial court with directions to enter a judgment of conviction of the crime of unlawful sale of narcotic drugs. The defendant should then be resentenced in accordance with the provisions of C.R.S. 1963, 48-5-2. *People v. Bowers,* 187 Colo. 233, 530 P.2d 1282. *Compare United States v. Thomas,* 444 F.2d 919 (D.C. Cir. 1971); *United States v. Comer,* 421 F.2d 1149 (D.C. Cir. 1970); *United States v. Bryant,* 420 F.2d 1327 (D.C. Cir. 1969); *Allison v. United States,* 409 F.2d 445 (D.C. Cir. 1969); *Austin v. United States,* 382 F.2d 129 (D.C. Cir. 1967); *State v. Braley,* 224 Ore.

1, 355 P.2d 467 (1960). *Cf. Foster v. People,* 1 Colo. 293 (1871).

Even though the jury was not instructed as to the lesser included offense, the defendant has been given his day in court. All the elements of the lesser included offense are included in the more serious offense which the defendant faced before the jury. His guilt of the lesser included offense is implicit and part of the jury's verdict. *Walker v. United States,* 418 F.2d 1116 (D.C. Cir. 1969); *Kelly v. United States,* 370 F.2d 227 (D.C. Cir. 1966).

Accordingly, the defendant's conviction is reversed and the case is remanded to the trial court with the directions to enter a judgment of conviction against the defendant for unlawful sale of narcotic drugs and to thereafter resentence the defendant. C.R.S. 1963, 48-5-2.

MR. JUSTICE GROVES specially concurring.

MR. JUSTICE GROVES specially concurring:

At the conclusion of the People's case, the defendant moved for a judgment of acquittal. The court merely denied the motion and stated nothing to the effect that, while the evidence did not support "intent to induce or aid," the case would proceed upon the lesser included offense of unlawful sale of narcotic drugs. In such a situation, I think the defendant was entitled to have his motion granted at that juncture.

With respect to this concept, however, I stand alone in this court. This is a case in which I should defer to the unanimous judgment of my colleagues as I would accomplish little, if anything, by dissenting. Therefore, I concur.