# No. 26279

## The People of the State of Colorado v. Joseph B. Morris, Jr.

(545 P.2d 151)

Decided January 26, 1976

216

John P. Moore, Attorney General, John E: Bush, Deputy, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, Joseph B. Morris, Jr., was convicted by a jury of possessing a narcotic drug for the purpose of sale and with the intent to induce or aid another to unlawfully use or possess narcotics. C.R.S. 1963, 48-5-20(1)(a)(b).[1] On appeal, the defendant claims that the evidence is insufficient to sustain his conviction. We agree that the evidence, when measured against the language and the intent of the statute, will not support his conviction of the crime charged. However, the evidence is sufficient to sustain a conviction of the lesser included offense of possession of a narcotic drug. C.R.S. 1963, 48-5-2.[2] Accordingly, we reverse and remand for resentencing.

---

[1] Section 12-22-322, C.R.S. 1973.

[2] Section 12-22-302, C.R.S. 1973.

Section 48-5-20 provides, in pertinent part:
"*Violations — penalties.* — (1) (a) No person, with intent to induce or aid another to unlawfully use or possess narcotic drugs shall:
"(b) Possess for sale a narcotic drug except in accordance with the provisions of this article;

. . . .

"(2) . . . .

"(c) Whoever violates subsection (1) of this section shall be guilty of a felony and, on conviction, be imprisoned in the state penitentiary for not less than ten nor more than twenty years for the first offense . . . ."

To obtain a conviction under this statute, the prosecution must prove (1) that the defendant possessed a narcotic drug; (2) that such possession was for the purpose of sale; and (3) that such possession was with the intent to induce and aid another to unlawfully use and possess the drug. *See People v. Patterson*, 187 Colo. 431, 532 P.2d 342 (1975). In this case, the jury was properly instructed on the elements of the crime charged. Moreover, the jury verdict, as well as the evidence reflected on the record, irrefutably supports the conclusion that the defendant actually possessed and sold marijuana on the date alleged in the information. The primary issue on appeal is whether evidence appears in the record that the defendant had the specific intent which is necessary to support a conviction under the provisions of C.R.S. 1963, 48-5-20.[3]

The defendant asserts that the evidence was insufficient to establish that he had the specific intent to aid or induce the purchaser to unlawfully use or possess narcotic drugs. We agree. In *People v. Patterson, supra*, we said:

"[T]he word 'aid,' as used in the statute, should be equated with 'induce,' and that the statute is aimed at the drug pusher who intentionally seeks to increase and broaden his nefarious activities by encouraging others to use or possess narcotics. It was the clear legislative intent to *deal more severely with the drug pusher than with the person who effectuates a sale in response to an unsolicited inquiry.*" [Emphasis added.]

In order to satisfy the "specific intent" requirement set forth in C.R.S. 1963, 48-5-20(1)(a)(b), the prosecution must prove that the defendant possessed the drug in question with the intent of initiating and soliciting a sale. *See generally People v. Patterson, supra*; *People v. Bowers,* 187 Colo. 233, 530 P.2d 1282 (1975); *People v. Steed,* 189

---

[3] The defendant also asserts that marijuana is not a narcotic drug and that the classification of marijuana as a narcotic drug requires dismissal. We resolved the classification issue adversely to the defendant in *People v. Summit,* 183 Colo. 421, 517 P.2d 850 (1974). Subsequently, the legislature amended the Narcotic Drug Act and struck marijuana from the Act. *See* Section 12-22-301, C.R.S. 1973. Convictions obtained prior to the effective date of the new statute, however, may not be challenged on the basis that the former statute classified marijuana as a narcotic drug. *People v. Steed,* 189 Colo. 212, 540 P.2d 323 (1975).

Colo. 212, 540 P.2d 323 (1975).

■ In the instant case, no evidence supports the conclusion that the defendant harbored the requisite specific intent at the time he possessed and sold the marijuana. An informant, seeking leniency for the commission of a felony and acting for the police, actively solicited and brought about the sale of a pound and a half of marijuana. The sale was culminated after the informant repeatedly contacted the defendant. In this case, the importunate informant was the moving force behind the sale and directed and prompted, at the instance of the police, the entire series of events which led to the sale. The defendant committed no affirmative act from which it would be reasonable to infer that he possessed the drugs with the intent to initiate a transaction, solicit a sale, persuade or entice a buyer to make a purchase, or induce or aid the buyer to use or possess narcotic drugs. *See People v. Bowers, supra; People v. Steed, supra.*

■ Even though the nature of the police activity forecloses a finding by the jury that the defendant possessed the requisite specific intent required under Section 48-5-20, the police investigation in this case was not such as to constitute entrapment as a matter of law. Entrapment is not a defense of constitutional proportion, *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), and ordinarily may not be resolved as a matter of law. *People v. Simmons,* 179 Colo. 431, 501 P.2d 119 (1972). However, entrapment may be considered by the jury when police officers, under the guise of enforcing the law, are overly-active in encouraging its violation. *See People v. Simmons, supra; People v. Mora*, 172 Colo. 261, 472 P.2d 142 (1970); *Gonzales v. People*, 168 Colo. 545, 452 P.2d 46 (1969). In this case, the entrapment issue was for the jury and was resolved against the defendant. We are bound by the jury's determination.

■ It is apparent from the record that the trial judge erred in submitting the possession for sale with intent to induce charge to the jury. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973). However, the evidence more than supports a conviction for violation of C.R.S. 1963, 48-5-2, which is a lesser included offense. The record establishes the elements of unlawful possession of narcotics. In accordance with C.A.R. 1(d), 35(e), and Crim. P. 31(c), we remand to the trial court with directions to enter a judgment of conviction of the crime of possession of narcotic drugs. The defendant should then be resentenced in accordance with the provisions of C.R.S. 1963, 48-5-2. *People v. Patterson, supra; People v. Bowers, supra.* The guilt of the lesser included offense is implicit in the jury's verdict. *See People v. Patterson, supra; Walker v. United States,* 135 U.S.App.D.C. 280, 418 F.2d 1116 (1969); *Kelly v. United States,* 125 U.S.App.D.C. 205, 370 F.2d 227 (1966).

We reverse and dismiss the conviction for violation of C.R.S. 1963, 48-5-20, and remand to the trial court for the entry of a judgment of con-

viction against the defendant for unlawful possession of narcotic drugs (C.R.S. 1963, 48-5-2), and for resentencing.

MR. JUSTICE KELLEY dissents.