## No. 26387

### The People of the State of Colorado v. Wayne A. Bourg

(552 P.2d 504)

Decided July 26, 1976.

310

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant was convicted by a jury of selling a narcotic drug "with intent to induce and aid another to unlawfully use and possess" the drug in violation of C.R.S. 1963, 48-5-20(1)(a) and (c)[1] ("hard sale" statute). On appeal, defendant's principal claim is that the evidence is insufficient to sustain his conviction on this charge. We agree. The evidence, however, is sufficient to sustain his conviction on the lesser included offense of unlawful sale of a narcotic drug, C.R.S. 1963, 48-5-2[2] ("soft sale" statute). Accordingly, we reverse and remand for resentencing.

---

[1]Now section 12-22-322(1)(b), C.R.S. 1973. Cannabis has since been removed from the narcotic act (sections 12-22-301 *et seq.*, C.R.S. 1973) and designated as a dangerous drug (sections 12-22-401 *et seq.*, C.R.S. 1973). *See* 1975 Sess. Laws, ch. 115, sections 12-22-301 *et seq.*
[2]Now section 12-22-302, C.R.S. 1973.

The prosecution's evidence established the following facts. Two undercover narcotic agents went to an apartment for the purpose of purchasing some marijuana. A woman met them at the door and invited them inside to wait for the defendant. In response to the agents' inquiry as to the meaning of the figure $225 written on a piece of paper lying on the table, the woman stated, in effect, that it meant that defendant had $225 worth of marijuana. When the defendant arrived, he and the agents retired to a back room, where one of the agents asked the defendant if he could get him 100 pounds of marijuana. The agents thereafter agreed to buy approximately one hundred pounds of marijuana for a price not to exceed $130 a pound, and the defendant stated he might receive 50 pounds of it the following day. At this point, one of the agents asked the defendant "if he could do me two lids" of marijuana, which the defendant then sold to him for $30. The agents then left the apartment but were never later able to purchase any more marijuana from the defendant. They therefore arrested defendant for selling them the two "lids" of marijuana. A forensic chemist testified at trial that these two lids were indeed cannabis and together weighed less than an ounce.

## I.

█ This evidence, as a whole, even when viewed in a light most favorable to the prosecution, does not establish that defendant had the specific intent to induce and aid another to unlawfully use and possess the drug. This element must be shown to sustain a conviction under the so-called "hard sale" statute.

█ In order to satisfy this "specific intent" requirement of the "hard sale" statute, the prosecution must prove that the defendant initiated and solicited the sale in question. *People v. Patterson*, 187 Colo. 431, 532 P.2d 342 (1975). *See also People v. Morris*, 190 Colo. 215, 545 P.2d 151 (1976); *People v. Steed*, 189 Colo. 212, 540 P.2d 323 (1975); *People v. Nelson*, 189 Colo. 260, 539 P.2d 477 (1975); *People v. Bowers*, 187 Colo. 233, 530 P.2d 1282 (1975). The clear legislative intent behind the "hard sale" statute was to deal more severely with the drug pusher than with the person who effectuates a sale in response to an unsolicited inquiry. *People v. Patterson, supra.*

█ The agents here actively sought the drugs. They went to the apartment for the express purpose of buying marijuana. They initiated the negotiations concerning the future sale of the drug and they asked to buy the two "lids." There was no affirmative act shown on the part of the defendant from which it could have been reasonably inferred that he solicited the sale or that he persuaded or induced the agents to make the purchases. *Compare People v. Morris, supra; People v. Patterson, supra,* and *People v. Bowers, supra.* Consequently, lacking sufficient evidence of defendant's specific intent, his conviction under the "hard sale" statute must be reversed.

■ However, the record irrefutably supports the conclusion that the defendant actually sold marijuana on the date alleged in the information. Defendant is therefore guilty of the lesser included offense of the "soft sale," C.R.S. 1963, 48-5-2. *See People v. Cooke*, 186 Colo. 44, 525 P.2d 426 (1974). Accordingly, we remand for resentencing under that statute. *See, People v. Morris, supra; People v. Patterson, supra; People v. Steed, supra.*

## II.

■ Defendant also asserts that marijuana is not a narcotic drug and that its classification as such requires dismissal of his conviction even under the "soft sale" statute. This court has held the narcotic statute to be constitutional against similar challenges in *People v. Bennett*, 188 Colo. 429, 536 P.2d 42 (1975) and *People v. Summit*, 183 Colo. 421, 517 P.2d 850 (1974). We have also ruled that convictions obtained prior to the effective date of the new statute reclassifying marijuana as a dangerous drug cannot be challenged on the basis that the former statute classified marijuana as a narcotic drug. *See People v. Steed, supra*, and *People v. Morris, supra.*

The other issues presented on this appeal are either moot because of our disposition here, or they lack merit and require no discussion.

The judgment of the trial court is reversed, and this case is remanded for entry of a judgment against this defendant for violation of section 12-22-302, C.R.S. 1973 ("soft sale" statute) and sentencing thereunder.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON do not participate.