**No. 26728**

**The People of the State of Colorado v. Leonard Conrad Pratt**

(553 P.2d 70)

Decided August 9, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Robert C. Lehnert, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lawrence J. Schoenwald, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Pratt was convicted by a jury of the sale of a narcotic drug (cocaine) "with intent to induce or aid another to unlawfully use and possess" the drug in violation of C.R.S. 1963, 48-5-20(1)(a) and (c)[1] ("hard sale" statute). He seeks reversal of his conviction, contending, that the evidence is insufficient to prove that he sold the drug with the specific intent required and that it is also insufficient to prove that the substance he allegedly sold contained cocaine. He further claims that he was denied a fair trial because a law enforcement officer did not in good faith disclose the whereabouts of a paid informant who was present at the alleged sale. We agree with the defendant that the evidence is insufficient to support his conviction for violation of the "hard sale" statute. However, the evidence clearly establishes that he is guilty of the lesser included offense of the sale of a narcotic drug in violation of C.R.S. 1963, 48-5-2[2] ("soft sale" statute). Otherwise, his contentions are without merit. We therefore reverse and remand for resentencing under the "soft sale" statute.

The charges against the defendant arose out of the following circumstances as established by the People's evidence. An informant, identified as Thomas McMurray, led an undercover police agent to the defendant's apartment to purchase narcotics. The informant introduced the agent to the defendant and the agent inquired about purchasing heroin. Defendant stated that he had no heroin, but that he had one bag of cocaine left which he would sell for $20. The agent bought the cocaine and left. He was not successful in later attempts to buy more drugs from the defendant.

I.

Defendant claims that the evidence is insufficient to prove that the substance he sold contained cocaine. He argues that the evidence shows that the substance admitted in evidence could have been altered and the cocaine added.

In testing the sufficiency of evidence, this court must determine whether the evidence, both direct and circumstantial, when viewed in a light most favorable to the prosecution, is substantial enough to support a conclusion by a reasonable mind that the defendant is guilty beyond a reasonable doubt. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973). When so viewed, the evidence at trial clearly establishes that defendant sold a substance that contained cocaine. The defendant had represented

---

[1] Now section 12-22-322(1)(b), C.R.S. 1973.
[2] Now section 12-22-302, C.R.S. 1973.

the substance to be cocaine. The agent field tested the substance and concluded that it was cocaine. Finally, an unbroken chain of custody for the substance was established after the sale. Such evidence was sufficient to establish that cocaine was sold by the defendant.

## II.

Defendant also argues that his conviction must be reversed because an agent with the Drug Enforcement Administration did not act in good faith in disclosing the whereabouts of the eyewitness informant who might have provided exculpatory evidence[3] were he located.

■ Defendant properly argues that law enforcement officers must in good faith disclose all pertinent information in their possession concerning the identity and whereabouts of an informant whose testimony may prove a defendant innocent. *See Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). If law enforcement officers deliberately, and despite court order, refuse to disclose an informant's whereabouts until he ceases to be available as a witness, the charges against a defendant may have to be dismissed. But in the absence of bad faith, law enforcement officers do not have the duty to keep track of itinerant informants or place them in custody for defendant's benefit. *Cf., United States v. Fancutt*, 491 F.2d 312 (10th Cir. 1974) and *United States v. D'Angiolillo*, 340 F.2d 453 (2d Cir. 1965).

■ In denying defendant's motion for a new trial and/or dismissal of the charges against him, the trial judge ruled that, at most, a conflict existed in the evidence as to whether the law enforcement officer actually knew more helpful information regarding the informant's location than he disclosed. As a consequence, the court ruled that there was insufficient evidence showing bad faith on the officer's part.

After reviewing the lengthy record on this issue, we hold that sufficient evidence exists to support the trial court's finding. Defendant is therefore not entitled to a dismissal of the charges against him on this basis.

## III.

■ The evidence fails to establish any facts from which it could be reasonably inferred that defendant initiated the transaction, solicited the sale, persuaded or enticed the buyer to make the purchase, or sold with intent to aid or induce the buyer to use or possess the narcotics. In the absence of such evidence, a conviction cannot stand under the "hard sale" statute. *People v. Marquez*, 190 Colo. 255, 546 P.2d 482 (1976); *People v. Morris*, 190 Colo. 215, 545 P.2d 151 (1976); *People v. Bowers*, 187

---

[3]The trial court, before trial, ruled that defendant did not show the possible materiality of the informant's testimony even if the informant were present at the trial. We need not address this issue in view of our holding that the D.E.A. agent acted in good faith in disclosing the presumed location of the informant. But *see People v. Marquez*, 190 Colo. 255, 546 P.2d 482 (1976).

Colo. 233, 530 P.2d 1282 (1975).

The facts of this case closely parallel the facts in *Morris* and *Marquez* wherein we held the evidence to be inadequate to prove the requisite specific intent. In those cases, as here, the agent went to the defendant's residence to purchase drugs, was introduced by an informant, requested drugs, and purchased a small quantity of drugs. The People's argument that the facts here are distinguishable from the facts of *Morris* and *Marquez* has no merit.

Defendant's conviction of violating the "hard sale" statute must therefore be reversed. The evidence amply supports defendant's conviction on the lesser included offense of sale of narcotics in violation of the "soft sale" statute. Upon remand, the district court should enter a judgment resentencing the defendant under the "soft sale" statute. *See People v. Bourg*, 191 Colo. 309, 552 P.2d 504; *People v. Morris, supra; People v. Steed*, 189 Colo. 212, 540 P.2d 323 (1975); *People v. Patterson*, 187 Colo. 431, 532 P.2d 342 (1975).

The judgment of the trial court is reversed and this case is remanded for entry of a judgment against this defendant for violation of the "soft sale" statute and sentencing thereunder.