## No. 26475

## The People of the State of Colorado v. Philip C. Musgrave, Jr.

(529 P.2d 313)

Decided December 9, 1974.          Rehearing denied January 6, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Joseph Saint-Veltri, E. Michael Canges, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant Musgrave allegedly took part in a sale of methamphetamines to an undercover police agent. He was

charged with dispensing dangerous drugs (1971 Perm. Supp., C.R.S. 1963, 48-8-2 and 48-8-10) and with conspiracy to dispense dangerous drugs (1971 Perm. Supp., C.R.S. 1963, 40-2-201). A jury convicted him on both counts. The key issue raised on appeal is whether the trial court erred in denying the defendant's motion for disclosure of the name of the confidential informant who participated in the narcotics transaction. We reverse and remand for a new trial.

The drug charges in this case arose out of police infiltration into the illegal drug market. Undercover police agents, with the assistance of a confidential informant, were able to effectuate a purchase of certain drugs and narcotic ingredients.

The essential facts are that Police Agent Wolf and the confidential informant purchased methamphetamines at the apartment of Charles Reecher. When the informant and Wolf arrived at the apartment, at least five others were present, including the defendant Musgrave and Richard Lujan. The informant introduced Police Agent Wolf to Reecher, who allegedly was the person who was going to make the sale. Shortly thereafter, Musgrave telephoned his connection in an effort to obtain the methamphetamines which were going to be sold. Musgrave was unable to reach his narcotic connection by phone, and both he and Lujan left the apartment to find the supplier. In about an hour, Musgrave and Lujan returned. Thereafter, the transaction in issue occurred in the kitchen where witnesses observed Musgrave handing the methamphetamines to Reecher. Reecher then handed the drugs to Wolf in exchange for $100.

Prior to the preliminary hearing, the defendant made a motion for an order to require the district attorney to disclose the name or names of any confidential informants who participated to any degree in the dangerous drug sale. The court denied the motion. Thereafter, the motion was renewed and denied, and during the course of the trial, defense counsel obtained, through his investigator, information purporting to identify the informant and requested a continuance to obtain the presence of the informant as a witness or, alternatively, sought a mistrial. The defendant asserts that failure of the court to grant his motions for disclosure and for either a continuance or mistrial was error. We agree.

*Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), provides the test which compels the result which we have reached. In *Roviaro,* the Supreme Court declared that there is no fixed rule with respect to the disclosure by the government of the identity of its informant and established a balancing test. The Court said:

''The problem is one that calls for balancing the public interest in protecting the flow of information to the police against the individual's right to prepare his defense.'' *Roviaro v. United States, supra.*

■ In *United States v. Martinez,* 487 F.2d 973 (10th Cir. 1973), our Tenth Circuit Court of Appeals applied the *Roviaro* test to facts similar to the case at bar and ordered the prosecutor to disclose the identity of the informer. The factual background in the *Martinez* case is all but identical to the case which is before us. In this case, the informant was instrumental in arranging the meeting at Reecher's apartment and made the introductions which led to the sale of methamphetamines. Moreover, the informant was present during the entire transaction and was an eyewitness and an earwitness to the sale and to the events which preceded the sale. If the prosecutor had confirmed the identity of the person who was believed to have been the informant, the defendant should have been granted a reasonable opportunity to obtain his presence as a witness. When it was established that the purported informant was an eyewitness and earwitness to the sale, and participated to the extent that he did, the court should have ordered disclosure of the informant's identity.

The necessity for disclosure was vividly reemphasized at trial when the defendant demonstrated that the purported informant would contradict the testimony of Agent Wolf. This fact assumes added significance when viewed in the light of the witnesses who were available to the defendant. Reecher could not be located at the time of trial, and Lujan, who was subject to subpoena, asserted his constitutional right to remain silent. Another witness to the episode also invoked his privilege against self-incrimination. Thus, it became apparent during trial that fundamental fairness required that the informant be made available for Musgrave's trial. *See United States v. Martinez, supra.*

138

Accordingly, we reverse and remand for a new trial.
MR. JUSTICE KELLEY dissents.
MR. CHIEF JUSTICE PRINGLE does not participate.