MR. JUSTICE LEE
delivered the opinion of the Court.
The Defendant was indicted by a grand jury in Pueblo County in a two-count indictment on July 13, 1972. The first count charged him with sale of a narcotic drug, namely cannabis sativa L., with intent to induce or aid another to unlawfully use or possess in violation of C.R.S. 1963, 48-5-20(l)(a) and (c); and the second count charged him under C.R.S. 1963, 48-5-20(l)(a), (i) with conspiracy to sell narcotic drugs (C.R.S. 1963, 48-5-2) and to sell narcotic drugs with intent (C.R.S. 1963, 48-5-20(1)(a) and (c)).
The defendant then filed a motion to dismiss both counts of the indictment for the reason that section 48-5-20 was unconstitutional as violative of his rights under the United States Constitution and the Colorado Constitution. The trial court granted his motion and dismissed the charges against the defendant. From this order, the People have appealed. We reverse the ruling of the trial court.
*370 The basis of the court’s order of dismissal was that section 48-5-20 was void as violative of the Equal Protection Clause of the United States Constitution. The court predicated this finding on its determination that there were different penalties assessed for the crime of sale of a narcotic drug with intent under section 48-5-20 and under section 48-5-2, the so-called “simple sale” statute, whereas the conduct proscribed under each section was identical. Thus, the court reasoned that section 48-5-20 violated the Equal Protection Clause under the decision of Blockberger v. United States, 284 U.S. 299, 72 S.Ct. 180, 76 L.Ed. 306, and under our decision in Trueblood v. Tinsley, 148 Colo. 503, 366 P.2d 655.
The court did not have the benefit of our decision in People v. Bowers, 187 Colo. 233, 530 P.2d 1282, which upheld the constitutionality of the statute. There, we held the two statutes proscribe different conduct. Section 48-5-20(1)(a) and (c) is a specific intent statute, which requires proof of the element of specific intent to aid or induce another to use or possess the narcotic drug, which is not required for a conviction under section 48-5-2. As we stated in Bowers, supra:
“* * * As suggested not only by the difference in the statutory language, but also by our decisions in Yeager v. People, 170 Colo. 405, 462 P.2d 487, and People v. McKenzie, 169 Colo. 521, 458 P.2d 232, section 48-5-2 is aimed at the simple sale of narcotics, whereas section 48-5-20(l)(a) and (c) is directed at the drug “pusher” who sells with the specific intent to induce or aid another to unlawfully use and possess the narcotic drug. In our. view, these sections do not create unreasonable legislative classifications, considering the social evils sought to be controlled and eradicated. The more severe punishment prescribed for violation of the “pusher” section of the statute is consistent with the apparent legislative purpose of the law, that of diminishing the spread of narcotic addiction.”
Our holding in Bowers, supra, that there is a difference between the two statutory offenses, and the clarification of that difference, also disposes of the defendant’s arguments based upon the alleged vagueness and overbreadth of section 48-5-20(1 )(a) and (c). The section does not allow for the exercise by *371 the district attorney of an unfettered discretion as to the particular section of the statute under which a defendant will be charged. To obtain a conviction under the harsher section, specific intent must be alleged and proved. Nor do we believe it to be unreasonably difficult for the average layman to understand the nature of the conduct which is made criminal.
The defendant has raised another argument in his brief before this Court, which was neither considered nor raised in the trial court. He contends that the classification of cannabis sativa L. as a narcotic drug under the statute is in itself an unreasonable classification and violative of his Equal Protection rights. This has been decided to the contrary, in People v. Summit, 183 Colo. 421, 517 P.2d 850, where we held that the classification was a matter for legislative determination. Whether or not we agree with the wisdom of the classification, we are bound by the legislature’s determination.
The cause is remanded with directions to vacate the order of the court dismissing the charges against the defendant, and to reinstate the indictment.