## No. 26219

**The People of the State of Colorado v. Anthony E. Duran**
(535 P.2d 505)

Decided May 19, 1975.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Dep-

uty, J. Stephen Phillips, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Lee J. Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant was convicted of sale of a narcotic drug "with intent to induce and aid another to unlawfully use and possess" the drug, a violation of 1971 Perm. Supp., C.R.S. 1963, 48-5-20.[1] On this appeal, the defendant maintains that the trial court erred in denying his pretrial motion for disclosure of an unidentified informant who was an ear and eyewitness to the transaction. We agree that this is reversible error and the attorney general confesses error in this regard. We also find that the evidence, although sufficient to convict of a violation of C.R.S. 1963, 48-5-2,[2] a lesser offense, is insufficient to sustain this conviction. As to this, the attorney general also concedes that the judgment here should be reversed.

The prosecution's evidence reveals the following facts. Anthony Rodriguez was working in an undercover capacity with the Metropolitan Enforcement Group and the Aurora Police Department. With an unidentified informant, he approached the defendant at the Las Casidas Youth Center on October 20, 1972. The informant introduced Rodriguez as "Tom" and indicated that he wished to purchase some "nickle papers." "Nickle papers" is the slang expression for $5 packets of heroin wrapped in tinfoil. The defendant produced eight tinfoil packets and requested $40. The money and the packets were exchanged.

### I.

Prior to the jury trial, defendant moved for disclosure of the unidentified informant. The trial court denied this motion. We agree with the defendant's contention that the trial court's refusal to grant this motion under the facts here was error.

---

[1] Now section 12-22-322, C.R.S. 1973.
[2] Now section 12-22-302, C.R.S. 1973.

The attorney general concedes that this case is controlled by the recent decision of *People v. Musgrave,* 187 Colo. 135, 529 P.2d 313 (1974) which held that

"When it was established that the purported informant was an eyewitness and earwitness to the sale and participated to the extent that he did, the court should have ordered disclosure of the informant's identity."

In this case, the unidentified informant's participation in the criminal transaction was the same as in *Musgrave.* Here, the informant was unquestionably an eyewitness and an earwitness to the sales transaction, thus requiring that upon the defendant's pretrial request, the identity of the informant be disclosed to the defendant. On this basis, the trial court's denial of the defendant's motion for disclosure, is reversible error.

## II.

■ The defendant advances a number of arguments that to prosecute him for a violation of section 48-5-20, when the same conduct is also proscribed by section 48-5-2, voids his conviction. These same contentions were considered in our recent decisions in *People v. Harris,* 187 Colo. 268, 531 P.2d 384 (1975) and *People v. Bowers,* 187 Colo. 233, 530 P.2d 1282 (1974). These decisions uphold the constitutionality of section 48-5-20 but limit its application to those instances in which the defendant "initiated the transaction, solicited the sale, persuaded or enticed the buyers to make the purchase or sold with intent to induce and aid the buyers to use or possess the narcotic drug." The attorney general concedes that the evidence here does not satisfy these conditions and we agree.

## III.

■ Finally, the defendant argues that the four-month delay between the date of the alleged sale and the date of his arrest was unreasonable, and unduly prejudicial to him. Consequently, the trial court erred in denying his motion for dismissal of the charge according to the defendant. This contention has no merit. According to this record, the defendant failed to demonstrate any specific prejudice sufficient to mandate a dismissal. The general assertion that the lapse of time has caused his memory to be dim is not sufficient. *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *United States v. Emory,* 468 F.2d

1017 (8th Cir. 1972); *United States v. Dancy,* 395 F.2d 636 (D.C. Cir. 1968).

The judgment of the trial court is reversed and this cause is remanded for a new trial in accordance with the views expressed herein.