No. 27163

**The People of the State of Colorado**
**v. Gaines Melvin Hutchinson, Jr.**

(557 P.2d 376)

Decided December 13, 1976.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, Thomas P. Casey, Deputy, Lucy Marsh Yee, Deputy, for plaintiff-appellant.

Lamm, Young, DiManna, Eklund & Ciancio, Michael F. DiManna, for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an appeal brought by the People from a pretrial judgment granting defendant's motion to dismiss charges against him for unlawfully selling narcotics. The single issue presented for review is whether the trial court had any proper basis for a finding of prejudicial delay in arresting defendant. We· reverse the judgment of the trial court because no such prejudice was demonstrated by the defendant as required.

The defendant was arrested approximately six months after he allegedly sold a narcotic drug to a special agent of the United States Drug Enforcement Agency (DEA). The transaction supposedly occurred in the presence of an informant. At the hearing on defendant's motion to dismiss,

the DEA agent testified that he waited approximately three months to inform the district attorney's office of the alleged sale because his investigation of other drug transactions, which involved friends of the defendant, would have been jeopardized. He then testified that it took the district attorney's office another two months to issue an arrest warrant. Defendant was arrested a few weeks later.

Before defendant's arrest, the informer left the state. However, during the hearing on defendant's motion to dismiss, the DEA agent disclosed the name and whereabouts of the informer, and he indicated that the informer had returned to Colorado at least once to give testimony in another case.

The trial court found that defendant's due process rights were violated because the five-month delay in issuing an arrest warrant prejudiced his defense. The court found that the passage of time adversely affected defense witnesses more than prosecution witnesses who are usually law enforcement officers and "who take good notes." He also expressed dissatisfaction with the practice of the district attorney's office in taking an inordinate amount of time in issuing arrest warrants in this case and in other cases.

The constitutional right to a speedy trial does not include the right to a speedy arrest or indictment. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *People ex rel. Coca v. District Court*, 187 Colo. 280, 530 P.2d 958 (1975). Due process and fundamental fairness, however, might require a dismissal of charges if a pre-arrest delay causes substantial and actual prejudice to appellee's right to a fair trial. *United States v. Marion, supra*, and *People ex rel. Coca v. District Court, supra*. A showing of specific prejudice is required.

We have held that a generalized assertion by a defendant that a pre-arrest delay caused his memory to dim is not a specific enough showing of prejudice to mandate dismissal of the charges against him. *People v. Duran*, 188 Colo. 420, 535 P.2d 505 (1975). Similarly, in the instant case, mere conjecture by the trial court as to the relative strength of memories of defense witnesses and prosecution witnesses is an insufficient basis for a finding that the defendant was actually prejudiced by the delay in his arrest.

Moreover, mere displeasure on the part of the trial court with a delay in the district attorney's issuance of the arrest warrant does not justify the dismissal of charges against the defendant, at least in the absence of a showing that the delay was an intentional device to gain a tactical advantage over the defendant at his trial. Here, there was no evidence that the delay was intentional.

The defendant did allege in his motion to dismiss that the informer — a potential key defense witness — might no longer be available to testify because of a purposeful delay by the state. Such an allegation, if

true, might be sufficiently prejudicial to the defendant to require dismissal of his charges. *See People ex rel. Coca v. District Court, supra,* and *People v. Pratt,* 191 Colo. 362, 553 P.2d 70 (1976). The trial court expressed the belief that a ruling on this issue was unnecessary on the basis of its disposition of the case. The defendant therefore did not have an opportunity to prove the allegation, despite his request for a continuance to do so.

Accordingly, we reverse the judgment of the trial court dismissing the charges against the defendant and remand the cause for further proceedings as may be deemed necessary under our disposition here.