## No. 27416

**The People of the State of Colorado v. Mark Butcher, Manuel Lawrence Castaneda, and Louise Charlene Borowiec**

(568 P.2d 1169)

Decided September 12, 1977.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, Thomas P. Casey, Chief Appellate Deputy, for plaintiff-appellant.

Wade H. Eldridge, Jr., for defendant-appellee Mark Butcher.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Carol L. Gerstl, Deputy, for defendant-appellee Manuel Lawrence Castaneda.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The three defendants in this case were charged with dispensing dangerous drugs,[1] possession of dangerous drugs for sale,[2] and conspiracy.[3] The defendants filed a motion for disclosure of an informant who participated in the criminal transactions upon which the charges were based. For the purpose of this appeal, the district attorney has admitted that the informant's identity should be disclosed.[4] The trial court entered a judgment dismissing all counts, premised on its conclusion that the prosecution had not made a reasonable effort to discover the location of the informant and to furnish such information to the defendants. The district attorney appeals this judgment pursuant to section 16-12-102, C.R.S. 1973. We affirm.

*People v. Pratt*, 191 Colo. 362, 553 P.2d 70 (1976), addressed the extent of the prosecutor's duty to help defendants produce a disclosed informant. There we stated:

". . .[L]aw enforcement officers must in good faith disclose all pertinent information in their possession concerning identity and whereabouts of an

---

[1]Sections 12-22-404 and 12-22-412, C.R.S. 1973.
[2]Section 12-22-412, C.R.S. 1973.
[3]Section 18-2-201, C.R.S. 1973.
[4]This admission eliminates any need to apply the balancing test established by *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), for determining whether the defendants' interests in preparing for trial outweigh the prosecution's need to preserve the anonymity of its informant.

informant whose testimony may prove a defendant innocent. *See Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). If law enforcement officers deliberately, and despite court order, refuse to disclose an informant's whereabouts until he ceases to be available as a witness, the charges against a defendant may have to be dismissed. But in the absence of bad faith, law enforcement officers do not have the duty to keep track of itinerant informants or place them in custody for defendant's benefit. *Cf., United States v. Fancutt*, 491 F.2d 312 (10th Cir. 1974) and *United States v. D'Angiolillo*, 340 F.2d 453 (2d Cir. 1965)."

This language from *Pratt*, a case in which reasonable effort *to locate* an informant was not an issue, should not be construed as adopting a rule which requires law enforcers to produce only the information already within their possession. When a timely request has been made for information regarding the whereabouts of a disclosed informant, law enforcement officers or the prosecution must show that they have made reasonable efforts to obtain useful information concerning the current location of an informant, or face dismissal. *E.g., United States v. Hart*, 546 F.2d 798 (9th Cir. 1976) (en banc) *cert. denied*, 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 571 (1977); *United States v. Hayes*, 477 F.2d 868 (10th Cir. 1973); and *Eleazer v. Superior Court*, 1 Cal.3d 847, 464 P.2d 42, 83 Cal. Rptr. 586 (1970).

■ Upon the request of the defendants, the reasonableness of the prosecution's efforts to obtain useful information is a question of fact for the trial court and its determination will not be disturbed on review unless there has been a clear abuse of discretion. *See United States v. Hart, supra; People v. Pratt, supra.* Here, the prosecution merely revealed the informant's identity, his last known address and phone number, and rumors of his present whereabouts. The trial court found that the failure to make further inquiry, even after the trial court requested investigation and offered to grant a continuance for that purpose, was unreasonable. Like the trial judge in *United States v. Hart, supra*, the trial judge here "held two evidentiary hearings to assure himself that reasonable efforts had been made. It was for him to measure the quality of the effort and the sincerity of the officer's words and actions."

■ There is nothing in the record to show an abuse of discretion in the trial court's conclusion that the prosecution did not make a sufficient or "sincere" effort to locate this informant, who had apparently left the jurisdiction shortly after his participation in the events which are the basis for the charges filed against the defendants. Although we might well have reached a different conclusion had we been in the trial court's position, there was no abuse of discretion here which would warrant a reversal.

The trial court's judgment is affirmed.