**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Frank RODRIGUEZ, Defendant-Appellee.**

No. 80SA359.

Supreme Court of Colorado, En Banc.

May 24, 1982.

Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellant.

J. Gregory Walta, Colo. State Public Defender, Suzanne Saunders and Elizabeth A. Joyce, Deputy State Public Defenders, Denver, for defendant-appellee.

HODGES, Chief Justice.

The trial court's dismissal of charges against the defendant Rodriguez is the subject of this appeal by the district attorney. The dismissal was based on the trial court's finding that the prosecution had failed to make reasonable efforts to locate an informant pursuant to the court's grant of the defendant's Motion for Disclosure of Informant. We affirm.

This case arises out of an investigation conducted by the United States Drug Enforcement Administration (DEA) in cooperation with local authorities. As a result, arrest warrants were issued for approximately 40 persons, including defendant Rodriguez. He was arrested and charged with having illegally sold a narcotic drug, methadone, to an undercover DEA agent in violation of section 12–22–302, C.R.S.1973.

The defendant filed a Motion for Disclosure of Informant, an evidentiary hearing was held, and the trial court found the informant to be an eye and ear witness to the transaction. It therefore granted the motion.[1] The trial court ordered the prosecution to disclose the informant's name and current address one week before trial was to commence. Alternatively, the trial court ordered the district attorney to produce the informant for consultation with defense counsel.

When the trial court's order was not fully complied with, a motion to dismiss the charges was made by the defendant, and after a hearing thereon, the trial court found that the informant's name had been disclosed, but that the address furnished was not a current address, and that the prosecution had failed to exercise reasonable efforts in discovering the informant's current address. The charges were dismissed, and the district attorney thereupon initiated this appeal.

---

1. See People v. Korte, 198 Colo. 474, 602 P.2d 2 (1979); People v. Duran, 188 Colo. 420, 535 P.2d 505 (1975); People v. Musgrave, 187 Colo. 135, 529 P.2d 313 (1974). See also Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

■ It is settled law in Colorado that once a "timely request has been made for information regarding the whereabouts of a disclosed informant, law enforcement officers or the prosecution must show that they have made reasonable efforts to obtain useful information concerning the current location of an informant, or face dismissal." *People v. Butcher*, 194 Colo. 22, 24, 568 P.2d 1169, 1170 (1977). *See People v. Pratt*, 191 Colo. 362, 553 P.2d 70 (1976); Crim.P. 16. This case, however, requires further clarification as to when the efforts to locate must commence and the type of disclosure required.

1. *When location efforts must commence.* Defendant argues that the prosecution's or district attorney's duty to locate an informant pre-dates the filing of charges against the defendant. Conversely, the district attorney contends that its duty to locate the informant does not commence until a "timely request" is made.

In addressing this question, it is essential that the underlying circumstances be taken into account. Here, accepting the events as presented by the district attorney, the prosecution was aware that the informant was an actual participant in the drug transaction rather than a mere tipster. It should have been evident that the defendant might need the informant as a witness in the hope of eliciting exculpatory testimony. Because the informant here was an eye and ear witness to the transaction, the prosecution should have anticipated that the defendant would move for disclosure and that the trial court would follow Colorado law and order the disclosure of the informant's identity. *See People v. Duran, supra; People v. Musgrave, supra.* Accordingly, we believe the prosecution's duty to make reasonable effort to keep contact with this informant began well before the "timely request" for disclosure. The defendant's disclosure motion should have been anticipated from the time the decsion was made to file these charges against the defendant.

■ This position is not new, however, for in *People v. Butcher, supra,* we stated that when the disclosure request is made, the prosecution must make, *at that time,* a showing that reasonable efforts to locate *have been* made. Applied here, and put simply, the prosecution is under a duty to make reasonable efforts to keep in contact with the kind of informant involved here from the time the decision to file charges is made.

■ Here, however, the trial court apparently focused on the location efforts made from the granting of the disclosure request. Even from that point on, the trial court found that the location efforts did not satisfy the "reasonable effort" requirement in *Butcher.* We find that the trial court did not abuse its discretion in reaching this conclusion and accordingly affirm its dismissal order. We note parenthetically, however, that the records show the location efforts were even more laggard when viewed back to the point when the decision was made to file the charges.

■ 2. *What must be disclosed.* The trial court found that the prosecution should have disclosed the informant's name and *current* address. We disagree. While the prosecution is obligated to provide all pertinent information in its possession which might assist the defense in locating the informant, if such information does not contain the informant's full name or current address, the disclosure obligation may, nonetheless, still be satisfied. The determinative question is whether the prosecution has made reasonable efforts to maintain contact with the informant.[2] These are questions of fact for the trial court to resolve and we will not disturb its conclusion absent an abuse of discretion. *People v. Butcher, supra.* The prosecution's failure to make reasonable efforts to locate the

**2.** It also has been held that the prosecution must act in good faith when establishing the relationship with the informant. In other words, the prosecution may not deliberately refuse to inquire of the informant's name and address in order to frustrate a possible future disclosure order. *See Eleazer v. Superior Court of Los Angeles County*, 1 Cal.3d 847, 464 P.2d 42, 83 Cal.Rptr. 586 (1970).

informant even after the disclosure order was entered is an ample basis for dismissal of the charges.

The trial court's judgment is accordingly affirmed.