The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

Manuel A. VELASQUEZ,
Defendant-Appellee.

No. 80SA263.

Supreme Court of Colorado,
En Banc.

May 24, 1982.

Dale Tooley, Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Denver, for plaintiff-appellant.

J. Gregory Walta, Colo. State Public Defender, Brian K. Holland, Deputy State Public Defender, Denver, for defendant-appellee.

HODGES, Chief Justice.

This is one of two cases announced today in which the prosecution challenges the trial court's dismissal of the charges based on its finding that the prosecution failed to make reasonable efforts to locate the informant pursuant to the trial court's disclosure order. The other case is *People v. Rodriguez*, Colo., 645 P.2d 851 (1982).

Defendant Velasquez was charged with having sold narcotic drugs, namely heroin, in violation of section 12–22–302, C.R.S. 1973, to a Drug Enforcement Administration (DEA) undercover agent on May 10, 1979.

The defendant filed a Motion to Compel Disclosure of a Confidential Informant. The same informant as was involved in *People v. Rodriguez, supra*, is the informant in this case. The motion was granted and subsequently when the trial court's order for disclosure was not fully complied with, the trial court dismissed the charges.

In this case, as in *People v. Rodriguez, supra*, the trial court found the informant to be an eye and ear witness to the criminal transaction. The same efforts by the prosecution to locate the informant are also present here. Based thereon, the trial court dismissed the charges because of the prosecution's failure to satisfy the "reasonable efforts to locate" requirement as established in *People v. Butcher*, 194 Colo. 22, 568 P.2d 1169 (1977).

The arguments for reversal raised here by the district attorney are identical to those presented in *People v. Rodriguez, supra*. We rejected those arguments there and do so again here.

The trial court's judgment is affirmed.